### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### HATTIESBURG DIVISION

CONNIE R. KING, et al.                                                    PLAINTIFFS

v.                                              CIVIL ACTION NO. 2:10-CV-14-KS-MTP

FREEDOM LIFE INSURANCE COMPANY
OF AMERICA, et al.                                                       DEFENDANTS

#### MEMORANDUM OPINION AND ORDER

Presently before the Court are Plaintiffs' Motion to Compel Discovery Responses [37] and

Defendant's Motion for Summary Judgment [25]. For the reasons stated below, Plaintiffs' Motion

to Compel [37] is **denied**, and Defendant's Motion for Summary Judgment is **granted**.

#### I. BACKGROUND

This is a health insurance coverage dispute. Plaintiff Connie King purchased a family

insurance policy from Defendant that became effective on May 17, 2000. Plaintiffs' seventeen-year-

old son, C.K., was injured in a one-car automobile accident on July 25, 2007. According to the police

report, he improperly attempted to overtake another vehicle, overcompensated, and ran off the road.

His vehicle rolled over several times. A witness at the scene stated that C.K.'s vehicle was traveling

in excess of one hundred miles per hour. Furthermore, the officer reported that C.K. was not wearing

a seat belt. He was, of course, seriously injured. After he was transported to the hospital, a blood test

revealed that C.K. had a blood alcohol level of 176.9 mg/dl,[1] and a urine test revealed the presence

---

[1]Mississippi's DUI law measures intoxication in terms of alcohol concentration by percent "based upon grams of alcohol per one hundred (100) milliliters of blood . . . ." *See* MISS. CODE ANN. § 63-11-30(1). A blood alcohol level of 176.9 mg/dl is equal to a BAC of 0.1769 %.

of benzodiazepines (572 ng/ml) and cannabinoids (64.1 ng/dl). C.K. had a history of substance abuse and depressive illness; he had previously attempted suicide via drug overdose.

During C.K.'s hospitalization and subsequent rehabilitation, Plaintiffs incurred over $177,589.25 in medical expenses for treatment of his injuries. In a letter dated November 8, 2007, Defendant notified Plaintiffs that the medical expenses were excluded from coverage under the policy because 1) the loss was caused or contributed to by C.K.'s being intoxicated or under the influence of a narcotic, and 2) the loss was caused or contributed to by C.K.'s being engaged in an illegal activity. Plaintiffs eventually filed the present lawsuit, in which they alleged state law causes of action for breach of contract, bad faith, negligent infliction of emotional distress, breach of duty of good faith and fair dealing, and negligence. Plaintiffs demanded no less than $2,000,000.00 in damages and a Court order that Defendant specifically perform its duties as outlined in the contract.

## II. MOTION TO COMPEL [37]

The Court entered a Case Management Order [18] on December 20, 2010, in which it set July 1, 2011, as the discovery deadline and July 15, 2011, as the motions deadline. On May 20, 2011, Defendant filed a notice to take the deposition of Plaintiff Connie R. King on June 2, 2011. At King's deposition, she testified that Defendant made payments on prior claims which should have been excluded under the policy's provisions, including a suicide attempt by her son. Plaintiffs' counsel represented at the deposition that he "just found out" about these allegations. On June 17, 2011, Plaintiffs filed a notice that they had served interrogatories and requests for the production of documents on Defendant. The discovery period expired on July 1, 2011, and on July 15, 2011 – the motions deadline – Defendant filed its Motion for Summary Judgment. On August 9, 2011, after briefing had been completed on Defendant's Motion for Summary Judgment, Plaintiffs filed a

Motion to Compel Discovery Responses [37]. Therein, Plaintiffs argued that Defendants should be compelled to respond to the June 17, 2011, discovery requests.

There are two ways to interpret Plaintiffs' motion: as a request to conduct discovery beyond the discovery deadline pursuant to the Local Rule 26(b)(2), and as a request to conduct discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. The Court shall conduct both analyses.

**A.**      ***Local Rule 26(b)(2)***

First, the Court can evaluate Plaintiffs' motion simply as a request to conduct discovery after the expiration of the discovery deadline. The Local Rules provide that all discovery must be concluded by the discovery deadline. L.U.Civ.R. 26(b)(1). Furthermore:

> Counsel must initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery deadline date to comply with this rule, and discovery requests that seek responses or schedule depositions that would otherwise be answerable after the discovery deadline date are not enforceable except by order of the court for good cause shown.

L.U.Civ.R. 26(b)(2). Plaintiffs served their discovery requests on June 17, 2011, and the discovery deadline was July 1, 2011. The Rules of Civil Procedure allow parties thirty days to respond to interrogatories and requests for production. FED. R. CIV. P. 33(b)(2), 34(b)(2)(A). Therefore, Plaintiffs did not serve the discovery requests sufficiently in advance of the discovery deadline. The Local Rules provide, however, that the discovery requests may nonetheless be enforceable if Plaintiffs can show good cause for their failure to timely serve the discovery requests. L.U.Civ.R. 26(b)(2).

The Court shall assume, for purposes of this motion, that allowing Plaintiffs to conduct discovery at this late date would not prejudice Defendant. However, this matter is already past the

discovery and motions deadlines, and any extension of the discovery deadline is – in the Court's experience – likely to necessitate an extension of the motions deadline. Then, after further dispositive motions are filed, the Court will be required to allow sufficient time for briefing. The final pretrial conference is scheduled for November 17, 2011, and trial is scheduled to begin on December 5, 2011. If the Court is to have the docket cleared of all pending motions by the final pretrial conference – as it typically does – there is very little time left for additional discovery. Indeed, in order for all discovery to be completed and the docket to be clear before the final pretrial conference, there would have to be no further delays, extensions, or discovery disputes. In the Court's experience, that is not likely. Therefore, allowing Plaintiffs to conduct further discovery would likely impact the trial date of this matter.

Regardless, Plaintiffs have not offered any reasonable explanation for their failure to conduct discovery during the time period allowed by the Court. The discovery requests in question seek information and documents regarding 1) Defendants' alleged prior payment of hospital and medical expenses stemming from C.K.'s attempted suicide and drug use, and 2) Defendants' alleged payment of medical bills related to the automobile accident from which this case stems. Plaintiffs represent that the "information and documents sought in Plaintiffs' discovery requests did not come to light until the deposition of Plaintiff, Connie King, was taken on June 2, 2011 . . . ." Indeed, Plaintiffs' counsel represented during the deposition of June 2, 2011, that he had "just found out" about these issues.

If Plaintiffs' counsel was actually unaware of these facts prior to the deposition, Plaintiffs have no one to blame but themselves. They had control over their ability to conduct discovery on this issue, and they squandered their opportunity to do so. Furthermore, it is plain that Plaintiffs' counsel

4

was at least aware of the prior payment on the subject claim. Plaintiffs alleged in their Complaint – filed on July 1, 2009 – that Defendant paid "some benefits under the policy" for the automobile accident. Plaintiffs had the entire discovery period to seek information and documents as to this issue, and they failed to do so in a timely fashion. Accordingly, the Court finds that Plaintiffs failed to show good cause for their failure to timely serve discovery requests.[2]

**B.    *Rule 56(d)***

Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a Rule 56 motion], the court may:" defer consideration of the motion, deny the motion, "allow time to obtain affidavits or declarations or to take discovery," or "issue any other appropriate order." FED. R. CIV. P. 56(d). Rule 56(d) "motions are generally favored and should be liberally granted." *Stearns v. Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999). However, to justify a continuance the movant must demonstrate: (1) why she needs additional discovery and (2) how the additional discovery will likely create a genuine issue of material fact. *Id.* at 534-35. Rule 56(d) is "designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Fennell v. Quintela*, 393 F. App'x 150, 155 (5th Cir. 2010). A non-moving party must be given a "full and fair opportunity to discovery information essential to its opposition to summary judgment." *Id.*

The Court denies Plaintiffs' motion. First, Plaintiffs did not present an "affidavit or

---

[2] *See Prideaux v. Tyson Foods, Inc.*, 387 F. App'x 474, 478-79 (5th Cir. 2010) (where party provided no good cause for waiting until the last month of a seven-month discovery period to begin taking depositions, the court did not abuse its discretion in denying motion to compel); *Saavedra v. Murphy Oil U.S.A., Inc.*, 930 F.2d 1104, 1107 (5th Cir. 1991) (where party had "ample opportunity to conduct discovery on an issue but did not, the district court did not abuse its discretion in denying request to extend scheduling order deadlines).

declaration" that they can not present facts essential to justify their opposition to Defendant's Motion for Summary Judgment. *See* FED. R. CIV. P. 56(d). Next, Plaintiffs have already been given a "full and fair opportunity" for discovery. *Fennell*, 393 F. App'x at 155. As explained above, they failed to take advantage of that opportunity, and they have offered no reasonable explanation for that failure. *Provost v. Nissan*, 354 F. App'x 180, 182 (5th Cir. 2009) (where the ability to produce certain information was entirely within a party's control, he was unable to show why he needed additional discovery to oppose a motion for summary judgment). Furthermore, the purpose of Rule 56(d) motions is to allow parties to conduct discovery so that they can provide evidence to support their opposition. In this case, Plaintiffs had already responded to Defendant's motion when t

Finally, it is clear that the additional discovery will not "create a genuine issue of material fact," in any case. *Stearns*, 170 F.3d at 534-35. Plaintiffs want to obtain information and documents pertaining to payments made for prior excluded losses and the present loss which Defendant contends is excluded. Plaintiffs seek this information to support their argument that Defendant is barred from denying coverage by the doctrines of waiver and estoppel. However, as discussed below, the doctrines of waiver and estoppel "may not operate to create coverage or expand existing coverage to risks which, by the terms of the policy, are expressly excluded." *Stewart v. Gulf Guar. Life Ins. Co.*, 846 So. 2d 192, 202 (Miss. 2002) (citing multiple cases); *see also Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 996 (5th Cir. 2001). Therefore, the additional discovery will not create a genuine issue of material fact. For all the reasons stated above, the Court denies Plaintiffs' Motion to Compel [37].

### III. MOTION FOR SUMMARY JUDGMENT [25]

Defendant filed its Motion for Summary Judgment [25] on July 15, 2011, arguing that the

6

policy unambiguously excludes coverage for the medical expenses accrued by C.K. as a result of his automobile accident. Plaintiffs asserted various arguments in response.

**A.     *Coverage***

Before the Court addresses Plaintiffs' arguments, it must first determine whether C.K.'s medical expenses are, in fact, covered by the policy. The Mississippi Supreme Court has noted:

> [I]f a contract is clear and unambiguous, then it must be interpreted as written. . . . Exclusions and limitations on coverage are . . . construed in favor of the insured. Language in exclusionary clauses must be clear and unmistakable, as those clauses are strictly interpreted. Nevertheless, a court must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured.

*Architex Ass'n v. Scottsdale Ins. Co.*, 27 So. 3d 1148, 1157 (Miss. 2010) (punctuation and emphasis omitted). "The burden of proving coverage rests with the insured." *Id.* Plaintiffs have not disputed the material facts cited by Defendant. Indeed, they have not offered any arguments whatsoever regarding the issue of coverage under the express terms of the policy. Plaintiffs apparently concede that losses caused or contributed to by an insured's intoxication or illegal activities are excluded from coverage under the terms of the policy.

The policy "does not cover expenses for . . . loss caused or contributed to by a Covered Insured's being intoxicated or under the influence of any narcotic, unless administered in the advice of a Provider . . . ." Defendant presented undisputed evidence that C.K. had a blood alcohol content of at least 0.1769 % at the time of the accident. Mississippi law defines an "intoxicated person" as "a person whose mental or physical functioning is substantially impaired as a result of the use of alcohol." MISS. CODE ANN. § 41-30-3. For purposes of the present motion, the Court takes judicial

notice of the fact that a person with a blood alcohol content of 0.1769 % is "substantially impaired."[3]

Defendant also presented undisputed evidence that C.K. was driving in excess of one hundred miles per hour at the time of the accident, and that his failure to remain in the proper lane and improper passing were contributing circumstances to the accident. Further, Defendant obtained the opinion of an independent medical review agency, which reported that C.K.'s blood alcohol level would have caused a degradation in his motor skills and impaired his ability to operate a motor vehicle.[4] Therefore, Defendant presented undisputed evidence that C.K.'s injuries were caused or contributed to by his intoxication.

The policy also provides that it "does not cover expenses for . . . any loss to which a contributing cause was the Covered Insured's being engaged in an . . . illegal activity." Defendant presented undisputed evidence that C.K. was seventeen years old at the time of the accident, and that his blood alcohol content was 0.1769 % at the time of the accident. Mississippi law provides:

> It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor; (b) is under the influence of any other substance which has impaired such person's ability to operate a motor vehicle; (c) has an alcohol concentration of . . . two one-hundredths percent (.02%) or more for persons who are below the legal age to purchase alcoholic beverages under state law . . . .

---

[3]"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). The Court believes it is generally known within this district that a blood alcohol content of 0.1769 % substantially impairs one's mental and physical functioning.

[4]Other than the arguments addressed below, Plaintiffs did not contest or object to any of the evidence presented by Defendant. Indeed, it appears that Plaintiffs concede that the two exclusionary clauses cited by Defendant apply to the loss in question. None of Plaintiffs' arguments concern the interpretation or applicability of the exclusionary clauses or the sufficiency of the evidence presented by Defendant.

MISS. CODE ANN. § 63-11-30(1). In Mississippi, one must be twenty-one years old to legally purchase alcoholic beverages. MISS. CODE ANN. § 67-1-81(2). Therefore, it is undisputed that C.K.'s injuries were caused or contributed to by his illegal activity.

For all the reasons above, the Court finds that C.K.'s medical expenses are excluded from coverage pursuant to two of the policy's exclusions. First, the expenses are excluded from coverage because they were caused or contributed to by C.K.'s intoxication. Second, the expenses are excluded from coverage because they were caused or contributed to by C.K.'s illegal activity. Accordingly, Defendant did not breach the policy, and the Court grants Defendant's Motion for Summary Judgment as to Plaintiffs' claims for breach of contract, bad faith, and breach of duty of good faith and fair dealing.

**B.     *Waiver and Estoppel***

Plaintiffs argue that Defendant waived its right to deny coverage by 1) paying expenses stemming from the subject automobile accident, and 2) paying expenses stemming from prior excluded losses. Likewise, Plaintiffs argue that Defendant is estopped from denying coverage for the same reasons. However, the doctrines of waiver and estoppel "may not operate to create coverage or expand existing coverage to risks which, by the terms of the policy, are expressly excluded." *Stewart*, 846 So. 2d at 202; *see also Goel*, 274 F.3d at 996. As discussed above, the subject loss was expressly excluded by the unambiguous terms of the policy. Therefore, Plaintiffs' waiver and estoppel arguments are without merit, and the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's detrimental reliance claim and estoppel claim.

**C.     *Claims Relating to the Sale of the Policy***

Plaintiffs argue that Defendant's agent, Mary Wilson, negligently sold them an insurance

policy without disclosing to them that it had exclusionary clauses. As the Court noted in a previous opinion,[5] insurance agents have no duty to recommend or select particular coverage for their clients, or to disclose every specific exclusion. *Curry v. State Farm Mut. Auto. Ins. Co.*, 599 F. Supp. 2d 734, 738-39 (S.D. Miss. 2009); *Thomas v. State Farm Mut. Auto. Ins. Co.*, 796 F. Supp. 231, 237 (S.D. Miss. 1992). Plaintiffs did not allege – and they have not presented any evidence – that they specifically requested a policy without any exclusions or without the exclusions at issue here. Further, Plaintiffs did not allege – and they have not presented any evidence – that Wilson represented to them that the policy would cover losses suffered by an insured who was engaged in illegal behavior or under the influence of alcohol or narcotics.

Therefore – as the Court already held in its Memorandum Opinion and Order [17] denying Plaintiffs' Motion to Remand – Plaintiffs failed to state a claim against Mary Wilson for which relief may be granted. *King v. Freedom Life Ins. Co. of Am.*, No. 2:10-CV-14-KS-MTP, 2010 U.S. Dist. LEXIS 124781, *14-*15 (S.D. Miss. Nov. 10, 2010). If Wilson's actions as alleged by Plaintiffs are not sufficient to state a claim against her, then, likewise, they are not sufficient to state a claim against Defendant.  Defendant's Motion for Summary Judgment is granted as to Plaintiff's claims of  negligence, negligent infliction of emotional distress, and any other claims stemming from the sale of the policy.

**D.    *Unconscionability/Public Policy***

Plaintiffs argue that the policy exclusions at issue in this case are unconscionable and void as against public policy. Plaintiffs have not cited any law whatsoever in support of this frivolous

---

[5]*See King v. Freedom Life In. Co. of Am.*, No. 2:10-CV-14-KS-MTP, 2010 U.S. Dist. LEXIS 124781, *10-*16 (S.D. Miss. Nov. 10, 2010).

argument. As Defendant noted in briefing, the exclusion for losses sustained because of the insured's being under the influence of alcohol or narcotics is specifically approved by statute. *See Miss. Code Ann.* § 83-9-5(2)(h). The Court rejects Plaintiffs' argument that the exclusionary clauses at issue are unconscionable or against public policy.[6]

### E.    Blood Tests

Plaintiffs argue that Defendant's Motion for Summary Judgment must be denied because Defendant failed to show that Plaintiffs authorized any blood tests upon their son. Plaintiffs failed to cite any law whatsoever in support of this argument. Nonetheless, it is without merit. First, Plaintiffs failed to present any evidence that they did not authorize the blood test. They have merely asserted as much in briefing. Further, according to the hospital records submitted by Defendant, C.K. was unresponsive when he arrived at the hospital. The Mississippi Supreme Court has held that the results of hospital blood tests administered on unconscious patients as a part of their medical treatment are competent evidence as to a party's state of intoxication. *Edwards v. Ellis*, 478 So. 2d 282, 285 (Miss. 1985) (holding that Mississippi Code Section 63-11-7 did not apply to tests administered by hospital as part of treatment for unconscious patient).

### F.    Minority Status

Plaintiffs have not cited to any law whatsoever in support of their arguments related to C.K.'s status as a minor. The contract was between Defendant and Plaintiffs. C.K. was not a party to it. Therefore, his understanding of the contract's implications is irrelevant.

---

[6]*Cf. Hancock v. Mid Am. Ins. Servs.*, 836 So. 2d 762, 765 (Miss. 2003) (while some courts have found intoxication exclusions to be against public policy when included in statutorily required liability insurance policies, they have not done so in supplemental life insurance policies).

**IV. CONCLUSION**

For all the reasons stated above, the Court finds that the medical expenses incurred by Plaintiffs as a result of C.K.'s automobile accident are excluded by the subject policy. The Court grants Defendant's Motion for Summary Judgment as to all Plaintiffs' causes of action. Accordingly, this case is closed.

SO ORDERED AND ADJUDGED this 31st day of August, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE