**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**


**CONNIE R. KING, et al.**                                                    **PLAINTIFFS**

**v.**                                                **CIVIL ACTION NO. 2:10-CV-14-KS-MTP**

**FREEDOM LIFE INSURANCE COMPANY
OF AMERICA, et al.**                                        **DEFENDANTS**


<u>**MEMORANDUM OPINION AND ORDER**</u>

For the reasons stated below, the Court **denies** Plaintiffs' Motion for Reconsideration [42] of the Court's Memorandum Opinion and Order [40] denying Plaintiffs' Motion to Compel [37] and granting Defendant's Motion for Summary Judgment [25].

**I. BACKGROUND**

This is a health insurance coverage dispute. Plaintiff Connie King purchased a family insurance policy from Defendant, which became effective on May 17, 2000. Plaintiffs' seventeen-year-old son, C.K., was injured in a one-car automobile accident on July 25, 2007. According to the police report, he improperly attempted to overtake another vehicle, overcompensated, and ran off the road. Consequently, his vehicle rolled over several times. A witness at the scene stated that C.K.'s vehicle was traveling in excess of one hundred miles per hour. Furthermore, the officer at the scene reported that C.K. was not wearing a seat belt. He was, of course, seriously injured. After he was transported to the hospital, a blood test revealed that C.K. had a blood alcohol level of 176.9

mg/dl,[1] and a urine test revealed the presence of benzodiazepines (572 ng/ml) and cannabinoids (64.1 ng/dl). C.K. had a history of substance abuse and depressive illness, and he had previously attempted suicide via drug overdose.

During C.K.'s hospitalization and subsequent rehabilitation, Plaintiffs incurred over $177,589.25 in medical expenses for treatment of his injuries. In a letter dated November 8, 2007, Defendant notified Plaintiffs that the medical expenses were excluded from coverage under the policy because 1) the loss was caused or contributed to by C.K.'s being intoxicated or under the influence of a narcotic, and 2) the loss was caused or contributed to by C.K.'s being engaged in an illegal activity. Plaintiffs eventually filed the present lawsuit, in which they alleged state law claims for breach of contract, bad faith, negligent infliction of emotional distress, breach of duty of good faith and fair dealing, and negligence. On September 1, 2011, the Court entered a Memorandum Opinion and Order [40] denying Plaintiffs' Motion to Compel the production of certain documents related to previous claims, and granting Defendant's Motion for Summary Judgment. *King v. Freedom Life Ins. Co. of Am.*, No. 2:10-CV-14-KS-MTP, 2011 U.S. Dist. LEXIS 98686 (S.D. Miss. Aug. 31, 2011). Plaintiffs filed a Motion for Reconsideration [42], which the Court now addresses.

## II. DISCUSSION

Motions for reconsideration are addressed under either Rule 59(e) or Rule 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004). The timing of the motion determines which rule applies. *Id.* It has been the practice in this jurisdiction that motions for reconsideration filed within ten days of the order of which reconsideration is sought are considered under Rule 59(e),

---

[1]Mississippi's DUI law measures intoxication in terms of alcohol concentration by percent "based upon grams of alcohol per one hundred (100) milliliters of blood . . . ." *See* MISS. CODE ANN. § 63-11-30(1). A blood alcohol level of 176.9 mg/dl is equal to a BAC of 0.1769 %.

and anything filed after that point is considered under Rule 60(b). *Id.* However, the deadline for filing Rule 59(e) motions was increased to twenty-eight days. *See* FED. R. CIV. P. 59(e). Therefore, a motion for reconsideration filed and served within twenty-eight days of the filing of the order to be reconsidered is reviewed under Rule 59(e), while anything filed and served after that is reviewed under Rule 60(b). *See Yarrito v. United States*, No. 5:11-CV-44-DCB-JMR, 2011 U.S. Dist. LEXIS 52312, at *1 (S.D. Miss. May 16, 2011); *Gunn v. City of Cleveland*, No. 2:09-CV-114-MPM, 2011 U.S. Dist. LEXIS 83927, at *3-*4 (N.D. Miss. July 29, 2011).

Plaintiffs filed their Motion for Reconsideration [42] within twenty-eight days of the filing of the Court's Memorandum Opinion and Order [40]; therefore, Rule 59(e) applies. Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence and is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Knight v. Kellogg Brown & Root Inc.*, 333 F. App'x 1, 8 (5th Cir. 2009); *see also Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). Granting a Rule 59(e) motion is "an extraordinary remedy," and it "should be used sparingly." *In re Pequeno*, 240 F. App'x 634, 636 (5th Cir. 2007).

The Court has "considerable discretion" when considering Rule 59(e) motions. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, its discretion is not limitless, and it should be exercised with two "important judicial imperatives" in mind: "1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts." *Templet*, 367 F.3d at 479. There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson*

3

*Pounders Architects, P.C.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008).

Plaintiffs argue that the Court should amend its previous ruling in order to correct a clear error of law or prevent manifest injustice. Before litigants file a Rule 59(e) motion on this basis, they "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990). Plaintiffs have not demonstrated that the Court committed a clear error of law. Rather, they simply disagree with the law.

## A.    *Equitable Estoppel*

First, Plaintiffs reurge their argument that Defendant should be equitably estopped from denying coverage because 1) it paid some medical expenses from the automobile accident at issue, and 2) it paid medical expenses from two prior incidents which should have been excluded. Of course, the Court has already addressed this issue and resolved it in favor of Defendant. Plaintiffs argue, though, that "equitable estoppel is a rule of justice which prevails over all other rules," and that, therefore, the Court should reconsider its decision. *Koval v. Koval*, 576 So. 2d 134, 137 (5th Cir. 2011).

Equitable estoppel is "based upon the ground of public policy, fair dealing, good faith and justice, and its purpose is to forbid one to speak against his own act, representations, or commitments to the injury of one to whom they were directed and who reasonably relied thereon." *Id.* There are two elements that must be satisfied for the doctrine to apply: 1) Plaintiffs must have "changed [their] position in reliance upon the conduct of [Defendant]," and 2) Plaintiffs must have "suffered detriment caused by [their] change of position in reliance upon such conduct." *Brown v. Progressive Gulf Ins. Co.*, 761 So. 2d 134, 136 (Miss. 2000).

4

Plaintiffs have not offered any evidence whatsoever that they changed their position after Defendant's payment of the prior claims and Defendant's initial payment of some expenses related to the subject claim. Furthermore, even if Plaintiffs had altered their position, their reliance would not have been reasonable in light of the clear and unambiguous exclusions in the policy they received several years prior to the payments upon which they purportedly relied. *Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 438 (5th Cir. 2007); *Stephens v. Equitable Life Assur. Society of U.S.*, 850 So. 2d 78, 83 (Miss. 2003). This is why the doctrine of equitable estoppel "may not operate to create coverage or expand existing coverage to risks which, by the terms of the police, are expressly excluded." *Stewart v. Gulf Guar. Life Ins. Co.*, 846 So. 2d 192, 202 (Miss. 2002); *see also Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 996 (5th Cir. 2001).

Plaintiffs additionally argue that the Court misinterpreted *Stewart v. Gulf Guaranty Life Insurance Company*, 846 So. 2d 192 (Miss. 2002). In *Stewart*, an illiterate plaintiff sought a loan from a local bank. *Id.* at 195-96. The bank's loan office officer offered Stewart credit and disability insurance under a group policy issued by the defendant insurer to the bank. *Id.* at 195. Customers who purchased the insurance did not receive a copy of the policy between the insurer and the bank, but they were supposed to received a certificate which contained the terms of the policy. *Id.* The evidence was inconclusive as to whether Stewart actually received the certificate with the terms of the policy. *Id.* at 196. The bank's loan officer did not ask Stewart any questions about his health or explain the policy. *Id.* at 195. Furthermore, the loan officer did not ask him to complete or sign the insurance application, which contained health-related questions. *Id.* Stewart later sought another loan from the bank, and he again accepted the disability insurance. *Id.* Once again, the loan officer did not ask any health questions or ask him to fill out an application. *Id.*

5

Stewart later became permanently disabled due to a preexisting health condition. *Id.* at 196. The insurer denied coverage, citing a preexisting condition exclusion in the policy. *Id.* Stewart filed a lawsuit, alleging breach of contract, breach of the duty of good faith and fair dealing, and fraud. *Id.* A jury returned a verdict against the insurer, awarding damages of $3,500.00 for breach of contract, $500,000.00 for emotional distress, and $500,000.00 in punitive damages. *Id.* at 198. The trial judge remitted the emotional distress damages to $50,000.00 and granted the insurer's motion for judgment notwithstanding the verdict as to the punitive damages. *Id.*

On appeal, Stewart argued that the insurer was "estopped from relying on the exclusion to deny coverage because it failed to ask [him] the health questions on the application." *Id.* at 201. The Mississippi Supreme Court noted that it was undisputed that Stewart's claim fell within the terms of the claimed exclusion, and that "Mississippi law is clear that the doctrines of waiver and estoppel may not operate to create coverage or expand coverage to risks which, by the terms of the policy, are expressly excluded." *Id.* at 202. Nonetheless, the Court held that Stewart's estoppel argument "aptly demonstrate[d] a breach of an implied covenant of good faith and fair dealing that may have reached the level of an independent tort." *Id.* First, the policy required underwriting, and the policy was "applied on a guaranteed issue basis in which no questions were asked and all claims arising out of preexisting conditions were automatically excluded." *Id.* Although the certificate contained the exclusion, it was not clear that Stewart received the certificate. *Id.* Also, the exclusion was in six-point type, rather than ten-point type. *Id.* at 202-03. Most importantly, Stewart was illiterate, and the only information presented to him by the bank's loan officers were that the insurer would make the loan payments if he became sick or disabled. *Id.* at 203.

As the preceding synopsis demonstrates, the present case is very different from *Stewart*.

6

First, there is no evidence that the Plaintiffs are illiterate, and it is undisputed that they were timely provided a copy of the policy – years before the occurrence of the accident at issue. *See Leonard*, 499 F.3d at 438; *Stephens*, 850 So. 2d at 83. Second, there is no evidence that Mary Wilson, Defendant's agent, made any representations to them regarding the insurance which induced them to purchase it, or that Plaintiffs requested a policy without coverage exclusions. Plaintiffs merely argue that Wilson failed to inform them that there were exclusions in the policy. As the Court already noted, an insurance agent has no duty to inform a potential insured of each specific exclusion in a policy. *See Curry v. State Farm Mut. Auto. Ins. Co.*, 599 F. Supp. 2d 734, 738-39 (S.D. Miss. 2009); *Thomas v. State Farm Mut. Auto. Ins. Co.*, 796 F. Supp. 231, 237 (S.D. Miss. 1992).

In summary, there is no evidence whatsoever that Plaintiffs altered their position in reasonable reliance upon any representation, promise, action, or commitment by Defendant. *Brown*, 761 So. 2d at 136. As such, they have not met the requirements for the application of equitable estoppel. Accordingly, the Court denies their Motion for Reconsideration [42] with respect to that issue.

**B.    *Waiver***

Plaintiffs also reurge their waiver argument. "An insurer may waive the right to forfeit or rescind a policy of insurance when the elements of estoppel are not present by recognizing the validity of the policy and continuing it in force after knowledge of the circumstances entitling it to avoid the policy." *Wilson v. State Farm Fire & Cas. Co.*, 761 So. 2d 913, 920 (Miss. Ct. App. 2000). However, Mississippi courts have not allowed the application of the waiver doctrine where doing so would create or extend coverage that would not have otherwise existed under the policy. *See Goel*, 274 F.3d at 996; *St. Paul Fire & Marine Ins. Co. v. Vest Transp. Co.*, 666 F.2d 932, 948-49

(5th Cir. 1982); *Stewart*, 846 So. 2d at 202. An insurer can waive the enforcement of a policy

condition or provision of forfeiture, but it can not waive an outright exclusion of coverage. *St. Paul*

*Fire & Marine Ins. Co.*, 666 F.2d at 948; *Employers Fire Ins. Co. v. Speed*, 133 So. 2d 627, 629-30

(1961). The Mississippi Supreme Court has held:

> [W]aiver or estoppel can have a field of operation only when the subject matter is
> within the terms of the policy, and they cannot operate radically to change the terms
> of the policy so as to cover additional subject matter. Waiver or estoppel cannot
> operate so as to bring within the coverage of the policy property, or a loss, or a risk,
> which by the terms of the policy is expressly excepted or otherwise excluded. An
> insurer may be estopped by its conduct or knowledge from insisting on forfeiture of
> a policy, but the coverage or restrictions on the coverage cannot be extended by the
> doctrines of waiver or estoppel.

*Speed*, 133 So. 2d at 629-30.

Accordingly, the Court again rejects Plaintiffs' waiver argument and denies their Motion for

Reconsideration [42] with respect thereto.

**C.  *Unconscionability***

Once again, Plaintiffs have not cited to any law whatsoever supporting their argument that

the two coverage exclusions at issue in this case are unconscionable and void as against public

policy. Plaintiffs merely cited general language from Mississippi cases addressing unconscionable

contracts and rephrased their waiver and estoppel arguments. Accordingly, the Court again rejects

Plaintiffs' unconscionability argument and denies their Motion for Reconsideration [42] with respect

thereto.

**D.  *Claims Related to the Sale of the Policy***

The Court rejects Plaintiffs' arguments related to the sale of the policy and actions of Mary

Wilson for the same reasons stated in the Court's Memorandum Opinion and Order [17] denying

Plaintiffs' Motion to Remand, and the Court's Memorandum Opinion and Order [40] granting

8

Defendant's Motion for Summary Judgment.

**E.     *Discovery***

Plaintiffs have not provided any additional argument or law with respect to their Motion to Compel [37]. The Court denies their Motion for Reconsideration [42] with respect to the discovery issues for the same reasons previously stated.

### III. CONCLUSION

For the reasons stated above, the Court **denies** Plaintiffs' Motion for Reconsideration [42].

SO ORDERED AND ADJUDGED this 21st day of November, 2011.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE